344

No. 41901.—Protests 881921–G, etc., of Wm. Shaland (New York).

Opinion by SULLIVAN, J.   In accordance with stipulation of counsel and on the authority of Abstracts 40493 and 39509 squawker balloons and cigarette whistles or noisemakers in part of bamboo were held dutiable at 45 percent under paragraph 409 as claimed.

No. 41902.—Protest 940449–G of S. Lisk & Bro. (New York).

Opinion by SULLIVAN, J.   It was stipulated that the merchandise consists of squawker balloons similar to those the subject of Abstract 40493.   The claim at 45 percent under paragraph 409 was therefore sustained.

No. 41903.—Protests 890315–G, etc., of Dan Brechner & Co. (New York).

Opinion by SULLIVAN, J.   In accordance with stipulation of counsel and on the authority of Abstract 40480 the noisemakers in question were held dutiable at 45 percent under paragraph 397 as claimed.

No. 41904.—Protests 926522–G, etc., of Dan Brechner & Co. (New York).

Opinion by SULLIVAN. J.   In accordance with stipulation of counsel cigarette whistles the same as those the subject of Abstract 39509 were held dutiable at 45 percent under paragraph 409 and horns like those the subject of Abstract 40185 were held dutiable at 45 percent under paragraph 397 as claimed.

No. 41905.—Protests 938026–G, etc., of Dan Brechner & Co. (New York).

Opinion by SULLIVAN, J.   It was stipulated that the merchandise consists of noisemakers similar to those the subject of Abstract 40480.   The claim at 45 percent under paragraph 397 was therefore sustained as to certain items.   Cigarette whistles like those the subject of Abstract 39509 were held dutiable at 45 percent under paragraph 409.

No. 41906.—Protests 941837–G, etc., of M. Pressner & Co. (New York).

Opinion by SULLIVAN, J.   In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) siren whistles and horns at 45 percent under paragraph 397, Abstracts 39948 and 40480 followed; (2) tin kazoos similar to those the subject of Abstract 32264 at 45 percent under paragraph 397; (3) paper bells like those the subject of Kresge v. United States (25 C. C. P. A. 1, T. D. 48975) at 45 percent under paragraph 397; and (4) opera glasses similar to those passed upon in Woolworth v. United States (C. D. 74) at 35 percent under paragraph 228 (b) and the French Trade Agreement.